**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JUDICIAL WATCH, INC., <br> 425 Third Street SW, Suite 800 <br> Washington, DC 20024, <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF DEFENSE, <br> 1400 Defense Pentagon <br> Washington, DC 20301, <br><br> and <br><br> CENTRAL INTELLIGENCE AGENCY, <br> Office of General Counsel <br> Washington, DC 20505, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendants U.S. Department of Defense and the Central Intelligence Agency to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street

SW, Suite 800, Washington, DC 20024.  Plaintiff seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law.  As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA.  Plaintiff analyzes the responses and disseminates its findings and the requested records to the American public to inform them about "what their government is up to."

      4.     Defendant U.S. Department of Defense ("DOD") is an agency of the United States Government and is headquartered at 1400 Defense Pentagon, Washington, DC 20301.  Defendant has possession, custody, and control of records to which Plaintiff seeks access.

      5.     Defendant Central Intelligence Agency ("CIA") is an agency of the United States Government and is headquartered in Washington, DC  20505.  Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

      6.      On June 2, 2016, Plaintiff submitted identical FOIA requests to the Defense Intelligence Agency, a component of Defendant DOD, and Defendant CIA seeking access to the following:

> 1. Any and all records regarding, concerning or relating to American prisoners of war transported to, incarcerated on and/or tortured on the island of Cuba.
>
> 2. Any and all records regarding, concerning or relating to Cuban nationals suspected of having participated in the transport, incarceration and/or torture of American prisoners of war.

The time frame of the requests was identified as "January 1960 to the present."  The requests were sent by certified mail.

      7.     According to U.S. Postal Service Records, Defendants DOD and CIA received the requests on June 6, 2016 and June 9, 2016, respectively.

8. By letter dated June 10, 2016, Defendant DOD acknowledged receipt of the request on June 8, 2016 and assigned the request case number FOIA-0338-2016.

9. Plaintiff has yet to receive an acknowledgment or any other communication from Defendant CIA regarding the request.

10. As of the date of this Complaint, Defendants have failed to: (i) produce the requested records or demonstrate that the requested records are lawfully exempt from production; (ii) notify Plaintiff of the scope of any responsive records Defendant intends to produce or withhold and the reasons for any withholdings; or (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552 – Defendant DOD)

11. Plaintiff realleges paragraphs 1 through 10 as if fully stated herein.

12. Defendant DOD is violating FOIA by failing to search for and produce all records responsive to Plaintiff's request or demonstrate that the requested records are lawfully exempt from production.

13. Plaintiff is being irreparably harmed by reason of Defendant DOD's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with FOIA.

14. To trigger FOIA's administrative exhaustion requirement, Defendant DOD was required to determine whether to comply with Plaintiff's request within twenty (20) working days of receiving the request on June 8, 2016.  Accordingly, Defendant DOD's determination was due on or about July 7, 2016.  At a minimum, Defendant DOD was required to: (i) gather and review the requested documents; (ii) determine and communicate to Plaintiff the scope of any responsive records Defendant DOD intended to produce or withhold and the reasons for any

withholdings; and (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination.  *See*, *e.g.*, *Citizens for Responsibility and Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 188-89 (D.C. Cir. 2013).

15. Because Defendant DOD failed to determine whether to comply with Plaintiff's request within the time period required by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.  5 U.S.C. § 552(a)(6)(C)(i).

## COUNT II
### (Violation of FOIA, 5 U.S.C. § 552 – Defendant CIA)

16. Plaintiff realleges paragraphs 1 through 15 as if fully stated herein.

17. Defendant CIA is violating FOIA by failing to search for and produce all records responsive to Plaintiff's request or demonstrate that the requested records are lawfully exempt from production.

18. Plaintiff is being irreparably harmed by reason of Defendant CIA's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant CIA is compelled to comply with FOIA.

19. To trigger FOIA's administrative exhaustion requirement, Defendant CIA was required to determine whether to comply with Plaintiff's request within twenty (20) working days of receiving the request on June 9, 2016.  Accordingly, Defendant CIA's determination was due on or about July 8, 2016.  At a minimum, Defendant CIA was required to:  (i) gather and review the requested documents; (ii) determine and communicate to Plaintiff the scope of any responsive records Defendant CIA intended to produce or withhold and the reasons for any withholdings; and (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination.  *See*, *e.g.*, *Citizens for Responsibility and Ethics in Washington*, 711 F.3d at 188-89.

20. Because Defendant CIA failed to determine whether to comply with Plaintiff's request within the time period required by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.  5 U.S.C. § 552(a)(6)(C)(i).

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendants to search for any and all records responsive to Plaintiff's FOIA requests and demonstrate that they employed search methods reasonably calculated to uncover all records responsive to the requests; (2) order Defendants to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA requests and *Vaughn* indices of any responsive records withheld under claim of exemption; (3) enjoin Defendants from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA requests; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:  September 27, 2016

Respectfully submitted,

*s/ Chris Fedeli*
Chris Fedeli
D.C. Bar No. 472919
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC 20024
(202) 646-5172

*Counsel for Plaintiff*